Good morning, Your Honors, and may it please the Court, Neil Traum for Appellants in the Matters Consolidated as PSA v. Gonzales. I'll be addressing the standing and judiciability issues, including ripeness, for ten minutes, of which I would, with the Court's permission, reserve two. My colleague, Joe Green, will be addressing the issues relating to the seizure warrants and the unsealing of the affidavits. Two questions, starting out. Let me deal with Mr. Green's argument first. You have consented to a stay of the forfeiture. You're not looking, as I read it, to get the stuff that was seized back at this point. So I don't know what he's going to argue. If he has something to argue, we'll hear him, of course, but I don't even see him having revisited count two in his reply brief, which was filed two months after you consented to the stay of the forfeiture action in California. So I don't know what he's going to argue, but I don't see him looking to get the stuff back right now. That's number one. Number two, why in heaven's name are you pressing the appeal in 06-4920? Let me just put, that was the without prejudice dismissal. You clearly did not stand on your complaint because you filed a new complaint and there were no other problems. Speaking only for myself, I don't see a final order. I don't see jurisdiction. What you're doing in arguing... You're speaking not only for yourself. What you're doing is arguing the allegations of the second complaint in 07, whatever the number is, events that occurred after the district court ruled in the first case and using them to show why he was wrong in the first case, which is bizarre. Beyond bizarre, you're saying that you have a right to stand on your complaint, but you didn't. And you're arguing two allegations in the first complaint, which they shouldn't. We're a reviewing court. And third, you argue judicial economy because you say two appeals, I guess, are more economical than one. I repeat my question. Why are you arguing... Why have you spent so much time in 06-4920? Are you pressing it now? We are, Your Honor. However, if the court feels as strongly as it does that the 06 complaint is not something that is going to be considered for lack of jurisdiction, appellants are happy to proceed and argue some of the issues that are presented in the 07-4920. Do you have an argument? I mean, is there something we're missing here? Your Honor, I believe that we're entitled to stand on the pleadings. But you didn't. You filed a new complaint. But why would that affect the pleadings that would exist in the 06 complaint? Because that's the law. That is our law. Then, Your Honor, we will stand on the 07 complaint. Okay. Okay. I would ask the court if you are conducting a business, and for reasons that are obvious, you have a belief that the government believes this business, some aspect of this business is illegal, and that the consequences of not stopping this business could be very severe. How might you know that? You might know that by statements to Congress, by higher-ranking DOJ officials. But you're dealing here with the doctor-patient relationship. At the end of the day, Your Honor, that's one of the legal questions we pose, one of them. And the doctor-patient relationship is more than the doctor seeing the patient and ordering a prescription. The doctor-patient relationship, prescription drugs are prescribed because not only some of them can be addictive, but some of them can be harmful. And one of the obligations of the doctor in prescribing a medicine for a particular condition like high blood pressure or high cholesterol or irregular heartbeat is to follow the patient and to make sure that the drug is not causing side effects, that the drug is being efficacious. There are many different aspects of that. And you seem to be narrowing this broad scope of the doctor-patient relationship down into one issue, did the doctor see the patient before the medication was prescribed? And to me, that is a ridiculous effort to define the doctor-patient relationship by one small snapshot at a whole continuum. Respectfully, Your Honor, we are not asking for a declaration of what the doctor-patient relationship is under state law. The question is not before the court. We have asked for narrowly tailored relief. The core relief asked for is declaratory. And the core question posed is whether the FDA possesses the power to interpret the Controlled Substances Act to say something with respect to what is required. Okay, now let me ask a very specific question. You may say it's a stupid question. I won't, Your Honor. Are you complaining in this action only of the requirements that defendants seem to believe are appropriate and lawful under the Controlled Substances Act? In other words, is your complaint only about controlled substance prescriptions? Yes, Your Honor. Okay, yes. Most drugs, the great majority of drugs that are prescribed are not controlled substances. Correct. So, we're only dealing with, was the business model lawful under the Controlled Substances Act? Absolutely. Whether the government has authority under the Controlled Substances Act to decide what is a legitimate doctor-patient relationship. Absolutely. And all of those other prescriptions can still be written without complaint. You're not saying you can't do that, right? I guess the question is... That's a very simple. That's a yes or a no. I don't know the answer because I don't know the extent to which the government has or will seek to prescribe with an oh behavior. That is really speculation. Not at all, Your Honor. But you shut down your whole business, you say. Correct. But you're really only contesting the controlled substance part of it. We're only contesting the ability to write prescriptions in a certain way. For controlled substances. If that's all the government purports to be able to regulate under the Controlled Substances Act, yes. Well, all right. And frankly, Your Honor, I think we're starting to look at a merits question. What does the Controlled Substances Act cover? As soon as we've reached that point, we've said, well, who has the power to make the determination? Respectfully, the answer to that question is clear. The courts. And, again, we're talking merits now. And I don't believe with respect to whether our declaratory judgment action was dismissed on rightness and justiciability grounds, I don't believe any of these questions is before the court. The only question is with respect to... Why would it not be before the court? The district court found this was the second complaint. The new complaint was not right. That's the issue before us. Was it right? Correct. And the question, in my understanding, Your Honor, of the rightness complaint is, do we present you with a live case or controversy under Article 3? What the Controlled Substances Act ultimately permits and not permits is the merits of our claim. And to resolve whether we've presented a live dispute... You see, that's where I ask my questions. That's why I'm trying to get a specific answer out of you. The Controlled Substances Act. In your appendix, there are exhibits which say that most of the prescriptions that are prescribed today are not controlled substances prescriptions. So I'm asking, you make a big deal about... I don't mean to be facile. It is an important prong of the utility prong that you shut down your business. Correct. Fear of prosecution. Correct. Okay. But you wouldn't. There are no allegations that you would be prosecuted for those prescriptions that are not controlled substance prescriptions. Doesn't that undercut the utility prong of your rightness analysis? Not at all, Your Honor. You could have stayed in business as to all those other prescriptions, wouldn't you? I'm not sure that that question matters, Your Honor. If we were prescribing them and we stopped, and we had a valid reason to stop... Are you saying you only prescribe controlled substances? Not at all. Of course not. If we're conducting business that does ten things and we stop doing two of them because the government has let us know it believes it's illegal, do we have to only stop doing two and then sue? Or can we stop doing everything and sue and claim the ability to declare those two things illegal is what's before the court? Because that's the only question we're asking. Their power under the Controlled Substances Act. If Marcel Zell gave you the declaratory judgment you wanted, that wouldn't have any impact on a criminal prosecution, would it? I don't know the answer to that question because I think there are far too many variables about what declaratory judgment would ultimately be granted, what it would say, when it issued, and the state of affairs in the world with respect to those criminal prosecutions at the time that it issued. And one of the problems is what you're asking for has so many variables that we can't really pinpoint what it is you're asking for. Respectfully, Your Honor, I disagree. And I think it goes back, Judge Roth, to your earlier question. The question is narrowly tailored and there are no variables. One, does the DEA possess power to interpret the CSA in a certain way? And that question is specific. Do they possess the power to say under the CFR Act 1304.06 that a valid patient relationship to issue a prescription requires a meeting? If they don't want to say that, if they are, as they suggest in their briefs, disavowing the statement, then I think we're about halfway there. We can remand and enter a stipulation to that effect and see what claims are left. There are also no variables with respect to our ability to ask this court in light of its interpretation of what the Controlled Substances Act requires. A declaration, a legal question that we're allowed to propose because it's an interpretation of federal law. Is that going to bind the federal government in a federal criminal prosecution? I don't know if it's going to bind it because, again, it depends on what we get. It depends on what the Declaratory Judgment Act. But I would ask, Your Honor, is it whether or not the judgment we ultimately get going to bind someone? Isn't that ultimately a remedy question? It cannot be the case that we're not entitled to a declaratory judgment because someone will or won't be bound by it. It's the case that if we have a live controversy that will determine our rights, and that's just the plain language of the Declaratory Judgment Act, then we can seek review in this court. And I would also stress to say to the court that the only harm we're alleging is not merely a fear of prosecution. I think it's important to realize we have alleged real, tangible, and under the terms of the pleadings below, which control at this point of our analysis, a tangible harm that has happened with respect to economic harm on the basis of the government's interference with our business. Which is precisely one of the reasons why I kept hammering those questions at you. You have a business you can continue to run without, apparently, any problem. But if we have suffered harm because we no longer can run part of its business, we're allowed to seek a declaration as to whether that part is legal. If we've suffered harm from shutting down half of our operation, why are we in a different state with respect to justiciability than if we shut the whole thing down? What difference could that make? Which is all to say that the core question, apart from the effect the judgment could have, apart from what the government will and won't concede on appeal, is a court interpretation of federal law on which we seek a declaratory judgment. I mean, for example, if you look at the Supreme Court's opinion in Gonzales v. Oregon, a very similar question is asked there. In fact, the context is different. I'm out of time. Thank you. That's all right. You can finish. I was just going to say, the context there is different because you're dealing with a different question of whether the FDA has power to regulate medicine under the FDA. But we've asked an analogous question, and there's no issue. There's no question that both the declaratory and injunctive relief that the state of Oregon presented in a suit against, just as we have, the Attorney General, because of his interpretation of the laws, presents a case that is a justiciable case or controversy. You know what I sense and I see reading through all of the exhibits that have been filed in connection with both appendices here, is that this is a new area, the Internet pharmaceutical business. And you read a 2001 statement and a 2006 statement and articles. And what's coming through from all of that, and the Q&A that you include, is that they're trying to learn what the problem is. They're trying to fix it. They're trying to be specific as to what should be done, and how you define certain terms, and what the criminal violation will be, and how much time should be served if convicted. These are all questions that are being answered. But you want us to say those answers can be declared by a district court judge in Pennsylvania. Yes, Your Honor, we want that relief because we're entitled to it under the Declaratory Judgment Act. Because whether or not the legal question we pose, whether or not it's a true statement of law under the Controlled Substances Act, that law is not changing. The implementing Reg. 1304.06 isn't changing. If the government is changing its views of what is legal... Congress might come in. There's a reason to believe Congress may amend the statute to enhance penalties, to include definitions. Absolutely, Your Honor. And we are not in any way questioning Congress's ability... So how can what a district court judge in Pennsylvania does be conclusive of anything? It would tell someone who does business in Pennsylvania that a certain interpretation of the law is valid or invalid under federal law. And the fact that the law is changing, or I should say it's not changing, the fact that the executive branch's interpretation of the law changes, I think, frankly, Your Honor, provides more impetus for the court to give us guidance because there is none. But you're not dealing just with Pennsylvania either. You are dealing, I gather, with states around the country, from California. And the law in various states of doctors regulating doctors and regulating pharmacists varies from state to state. And what a Pennsylvania judge says has no bearing on whether under regulations of doctors in other states there is a problem with the manner in which a medication is prescribed. And you certainly don't plan to limit your business to Pennsylvania, right? It's an Internet business, Your Honor. Right, right. It was bigger than just one state. So how could what a Pennsylvania judge say have any bearing on commerce with other states that have different regulations? Respectfully, Your Honor, you're not asking for an interpretation of Pennsylvania law. If Mr. Buzanski goes to jail or went to jail, just for example, his conviction is not going to be for Pennsylvania law. It's going to be for 841, the federal statute. You're looking for us to tell you that what you're doing or did do, that initially it was a proposed to do, then it was we did, is not a violation of the Controlled Substances Act. Absolutely. That is the core of the question. That's what you want us to say. To the extent that law, the Controlled Substances Act, may depend on interpretation of federal law, I do not know of any authority, and the government has cited none, for the fact that resolution of a question of federal law, the fact that that resolution is dependent on an issue of state law does not mean that we have not asked a federal question. The case that they cite refers to a California state law case. They say you shouldn't conduct a 55-50 state resolution. We're not asking the court to do that. Frankly, what the court has to do to answer the question of whether what we propose is legal under the Controlled Substances Act is something we have not gotten here with a 10-foot pole because we're at the fleeting stage. But we have to determine the case is right. Absolutely, Your Honor. We'll get you back on me, Bob. Thank you, Your Honors. May it please the court. Judge Barry, I'm the pillow ad response. You need to identify yourself. I'm sorry. My name is Joseph Green, and it's my privilege to present an argument on behalf of the appellants at this point. Judge Barry, I feel an obligation to respond to your question, if you'd like me to, concerning the scope of the Controlled Substances Act and the other parts of this case. No, well, you're here to tell us why the seizure, why count two. I shall. Why you should prevail on count two, or at least in terms of ripeness or something. The Court of Appeals should direct Judge Dalziel on remand to consider the seizure claims because there is no, and at the time of his decision, more importantly, there was no adequate statutory or other remedy for a party whose property is seized and who has not been provided with notice under 981 or 983. Now you have agreed that the civil forfeiture action in California should be stayed pending the resolution of the criminal investigation. May I explain why? And I thought I read that you're not now looking to press the seizure stuff in a footnote, footnote two or somewhere. We actually suggest that the seizure question is not moved because it's capable of repetition and yet evading review. We don't say any of that in your reply brief. Your reply brief was filed two months after you agreed to stay the civil forfeiture action. And you don't mention anything about the seizure. That's correct. May I explain what happened in California and why that happens in these cases? You can argue whatever you want. Under Section 981G of the statute, any time the government says that discovery in the civil forfeiture action would lead to discovery of facts or documents that would not then be discoverable in a parallel criminal prosecution, the civil action has to be stayed. That's 981G. And in the Ninth Circuit, there's a very strong rule that if there's any risk of overlapping discovery, then the civil forfeiture discovery has to be stayed. And that's why we agreed to the entry of an order under the Ninth Circuit precedent and California practice and Section 981G. But you still say you should get your things back, your cars back and your bank account back in this action, even though you've agreed to stay the other one? I do. May I explain why? Okay. At the time that the complaint was filed here, there had been seizures but no notice under Section 981. Section 981 is the forfeiture provision of Title 18. Section 981 says that if the government is exercising civil judicial forfeiture authority under 981, the government must, within 60 days after seizure or at some later time with extensions, give notice that it has seized property. What happens with third-party custodian seizures is that I have money in a bank. The government takes a seizure warrant and goes to the custodian and never gives notice to the owner of the account. So I go to the bank or I look on the Internet to see what my balance is today and I find out that my account's been closed. And for the next 60 or 120 days, I have no right under Section 981 to find out why, by whom or for what purpose. And that's what happened here. The government seized third-party custodian assets, principally bank accounts, and didn't serve notice of that on the owner of the accounts. Okay. Now, when Judge Dalzell ruled, and he ruled in a February 28th order, 2007, that's not part of the appendix. It was not in the appendix. The 60-day period had not yet expired. It had not. And no notice had been given. And the government did not claim in its answer to the motion for preliminary injunction, which was filed the same day as the order denying the motion was granted, the government didn't claim 981 nonjudicial forfeiture authority as the basis for the seizure. And that's important because as soon as the government claims 981 authority, then the timelines start to run. Everything you're saying may be true, but isn't it kind of an end run coming to Pennsylvania to look for relief? No, Your Honor. Under Rule 41 of the federal criminal rules, which this court suggests is the proper vehicle for return of property where no criminal prosecution has been filed, 608 Taylor Avenue, under Rule 41, the motion has to be filed in the district where the seizures occurred. So do you have one in New Jersey also because you've got a bank account in New Jersey? We don't. You can start an action over there, too? No, Your Honor. I don't believe that there's a seizure in New Jersey just because the government takes the seizure warrant to an office for Commerce Bank in New Jersey. If I deposit my money in a Commerce Bank on Market Street and the government takes a seizure warrant to Newark to an office of Commerce, another branch, and serves it there, can they generate venue where they've served the seizure warrant? I think that's that question, and I suggest the answer is no. So are you telling me that in California where you've got to stay that they can come in and still get the stuff back there if they file an action? Well, we have filed an answer to the forfeiture complaint in California. But you've stayed it. You've stayed the action. If permitted to litigate in California, we would be happy to do so. But we've been told by the United States Attorney in California that we're not permitted to because if we don't agree to this stay, they will move for one, and they'll be entitled to it under Ninth Circuit precedent. Do you want us here to say that, to essentially reverse the order of a California, the district court should have reversed the order of a California judge? No, Your Honor. The district court here should have required the government to say what they seized and by what authority. Well, they hadn't seized when he ruled. No, they had. They had seized, but they hadn't filed the forfeiture complaint. And that's exactly the problem. They seized in January and refused to say why. That's ordinarily not a problem. You know, we pick up the phone and we call the government and say, did you take the money? Did you ever get the affidavits? No. And I don't understand that either, but that's not before us. What the bar needs from the Court of Appeals, if we could get it, is a rule of what should happen in these cases where the government seizes property and doesn't limit itself on the authority for the claim. If we file a Rule 41 motion, the government ought to be required to say, here's what we've done and here's where we've done it. And if they do, then that would be, at the moment, an adequate statutory remedy and I would agree with Judge Dalzell, but he jumped the gun. He didn't give anybody an opportunity to argue about what had occurred and whether it was lawful. And we ask you to send the case back to Judge Dalzell. Is your request for adjunctive relief contingent upon the success of your request for declaratory relief? No, Your Honor. The Rule 41 motion is independent of the merits, although the merits raise the same questions. So if the Rule 41 request for relief is not proper because there is an adequate statutory remedy in California at this point, that does not affect whether there is jurisdiction or improperly before the court a complaint for declaratory judgment. How about your other requests for adjunctive relief? I view differently the merits and remedy questions. I believe that under the Declaratory Judgment Act, there's an Article 3 set of questions and we have to answer those before we get to the remedy questions. And I think that the remedy questions are influenced by what we do on the Article 3 questions. It seems to me that we're entitled to a declaratory judgment. Once that happens, once the scope of that declaratory judgment is determined under Article 3, then we move to the remedy questions. And so it's difficult for me to answer, but I think they're interrelated. Thank you. Thank you. We promise. Mr. Walker. Good morning, Your Honor. Chris Walker representing the federal appellees. Under the Declaratory Judgment Act, courts do not pre-screen business plans, and that's exactly what is being asked to do today. They have presented a two-page outline of the business plan and one alternative, and they ask which of these are legal and which one should we pursue. And that's not a proper use of the Declaratory Judgment Act. It's not an issue that's right for declaratory relief. There's a major difference between challenging a policy and asking the court for legal advice about questions. And here there is no policy that they're challenging. They're challenging an amorphous interpretation that's never actually been settled by the DEA. I see that the court seems to fully understand the questions or the arguments presented in our brief, and unless the court has any other questions. Yeah, I have a question for you. The district court in your brief seemed to blend the utility factor and the conclusiveness factor. Maybe you could address right now your argument as to the utility factor specifically. Yes. So to be clear, in the 2006 order, it addressed those separately and gave quite detailed analysis. In the 2007 order, when it more summarily dismissed the same complaint, it didn't lump them together. And the utility question is whether this would be useful to the parties, and it's not clear at all how this would be useful. Because, for instance, they're asking the DEA – they're asking for a declaration the DEA can't define something, but that has no effect at all on whether a U.S. attorney can bring charges based on probable cause to claim that they haven't established a valid doctor-patient relationship under state laws and professional practices. That's something that the U.S. attorney can do, notwithstanding what the district court says about the DEA's authority to define doctor-patient relationship. It's also not conclusive in the civil forfeiture context. Indeed, it's not even clear if it's conclusive against the DEA, because the DEA has not made a formal declaration, at least before the district court, of what a doctor-patient relationship is. It has since, in the 2007 order, it has established that we look to state laws where the prescriptions are filled to see whether they've complied with the professional standards of the states. So how would that work in the prosecution under the Controlled Substances Act in different states? So the civil forfeiture complaint that was filed, and explains this in quite a amount of detail, explains how it would work. It identifies three states where the internet pharmacies have been functioning. But I guess bottom line is, could you reach a different result in terms of violating the Controlled Substances Act in different states because of the different definitions of doctor-patient relationship? Absolutely. And that's what the 2007 DEA order states on page 5408. Is that something Congress should rectify, if rectification, if that's a word, is required? I have no problem. Well, I mean, should Congress define what would be a doctor-patient relationship as a matter of federal law? They haven't, and nor has the DEA. Well, that's what I'm saying. You could hypothetically get different results on terms of a prosecution for violation of the CSA, depending on what state you're in, couldn't you? Yes, and that's because the DEA has explained in its 2007 order that states have the primary responsibility for regulating the practice of medicine. So we look to the states where the prescriptions are filled to determine whether they comply with those standards established by the state. The statute says something prescribed in a manner consistent with good medical practice is determined by the state regulation of physicians and pharmacists. Does the statute say that? No, but the cases interpreting the statute look at what is provided as regulation in the various states as to whether it's consistent with the doctor-patient relationship. Not necessarily. The criminal convictions, or the cases that we cite in our brief, and that are cited by the appellants as well, are criminal convictions. And in those, a jury evaluated a number of factors, and the prosecutor had to show that everything they were doing was not consistent with professional standards. And that was an issue before the court in a criminal conviction. Professional standards as defined by the particular state? No, I don't know. But I mean, I think that that is a factor in determining. It seems to me that arguing a case like this, that should be something that the attorneys are very familiar with. And that's what the DEA had in their 2007 order crystallized, but it wasn't clear before that we looked at state law. But Congress has not said, just to be clear, Congress has never said anything about how to define this. So is your argument, we can't possibly, how can you possibly come up with an order in this case? One size doesn't fit all. Exactly. We'd possibly say, hey, this claim looks great. Go ahead. And that's why we focus on the declaratory judgment. This is extremely fact-bound. We'd have to go and declare, we'd have to go depose, we'd have to pretty much have a pre-criminal investigation in this declaratory judgment action to decide whether Dr. Carrozza or whether PSA had violated the Controlled Substance Act. What about the civil forfeiture? Should we send this back to Judge Dozell to say, find out what was seized? No, Your Honor. It's not properly before this court. The district court properly held that the remedies available in the Northern District of California are adequate. And there's no claim that there's any unconstitutional seizure. And more importantly, this hinges on the question of whether they get declaratory relief. If they don't get declaratory relief, they're not going to get this objective relief either. It's not right here. Well, Mr. Green said they're separate issues. I believe he did say that, but then he turned them around the other way and said they're separate in that if you can't give injunctive relief, you can still give declaratory. If you obviously cannot give injunctive relief, if you can't give declaratory relief, there would be no grounds to do it. Thank you, Your Honor. Thank you. Rebuttal? Briefly, Your Honor, a couple of things. I think what was extremely notable about the government's argument right now was in response to Judge Roth's question. So is it simply that a violation of state law makes out a violation of the Controlled Substances Act with respect to writing prescriptions? He can't answer the question because there is no answer. Because we don't know, and that is why we're in court, is to get a question of what the Controlled Substances Act is. There is no answer, but you want Judge Dalzell to answer it. Of course we do. We're entitled to a declaration of an interpretation of a federal criminal statute and the behavior that it criminalizes before we engage in it. You want an advisory opinion. You want an advisory opinion. You want to know whether you can go back to practicing your business model. Correct, Your Honor. And if it is the case that in no such instance can you ever get a declaratory judgment, we concede that we don't get it with respect to the business model. And then I think as a logical corollary, New Hampshire Hand Counsel is no longer good law. PICA State is no longer good law. Arguably, Abbott v. Gardner Supreme Court case is no longer good law because these are pre-enforcement cases where someone went to court and said, tell me it's illegal or legal before I do it. Given the Article III rightness inquiry is subject to a different type of analysis in the declaratory judgment context. Because as this court has said, in those instances, the question of injury is going to be slightly different. Separate from all of this is our, and the government all but ignores, is our request for a declaration that the DEA lacks the power to say certain things under the CSA. There are no facts that need to be resolved. It's a pure question of statutory interpretation. As to the myriad of facts that they suggest would need to be found at hearing to determine if the model we submit is legal or illegal, I would ask the government, what are these facts? We have presented a model for writing prescriptions, right? And for engaging in electronic commerce in pharmaceuticals. Now, is your model limited to Schedule IV and V controlled substances? As the complaint makes clear, I believe it says that there are no Schedule I. I can look specifically. No Schedule I, II, and III. No, no Schedule III. No narcotics under III. Correct. We propose certain drugs that are going to be prescribed by a doctor, and we're going to conduct commerce in pharmaceuticals in a certain way surrounding this. What's not clear? How does state law work in here? I mean, isn't this all contingent on depending on which state your potential customer is in? Well, Judge Chigares, there are two answers to that, I think. The first is, that's a merits question. What is the meaning of the CSA? No, it's also part of a rightness and a conclusiveness of the judgment and a utility of the judgment. Your Honor, if I propose to drain a pond in my backyard and the government comes and says, don't do it, it's illegal under federal law, and interpretation of that federal law ultimately revolves around the interpretation of a state law, do I no longer have a claim to have resolution to that case? Your Honor, if you set up a business to drain ponds in states all over the country, can you say, I want a declaration that this business plan will work in any state when you have both EPA regulation and you have state regulation? Your Honor, that's not what we've asked for. Yes, it is exactly what you've asked for. No, it's not. We've asked for whether what we're asking to do is consistent with the Controlled Substances Act. If the government wants to concede that if you comply with state law, you've complied for purposes of prescription writing, that's wonderful, and we've answered part of the questions. They won't do that because they are taking the position, as made clear by the statements to Congress, instructions to U.S. attorneys and our prosecutors, that if you write prescriptions without a doctor-patient relationship and you're involved in that business, you've broken federal law. Read Mr. Rattasisi's statement to Congress. Read Mr. Mapes' article instructing how to prosecute. There's no reference to state law in any of those. Because selling misbranded drugs and abiding by the statute, you get into language stating the practice of medicine and determining the practice of medicine. You then go to the state law for each state and regulating the practice of physicians and pharmacists in that state. And because you have such a multilayered diversification of establishing the standard, you can't give a simple answer. I think, Your Honor, you can give an answer as to whether federal law has the requirement. Federal law has the requirement that the government says it, that the executive branch says it has. They do not say to the extent it is illegal under state law. It's illegal under federal law. But interpreting the federal law, the cases have looked at state law. The language in the statute consistent with good medical practice incorporates as one of the factors how do you determine what good medical practice is. You look at lawsuits that have looked at that, and you look at state regulation. And I think, therefore, you are creating a question which is so multiple in the factors that go into it that the simple answer you're asking for is impossible. To the extent, Your Honor, respectfully I disagree because we're not asking for a statement that every conceivable way. Well, you know, I think we're going around and around. Thank you, Your Honor. Thank you. We will take the case under advisement, and the clerk will adjourn the hearing. Thank you.